Commonwealth *v.* Hargrove, Appellant.

Submitted May 5, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Jeffry A. Mintz* and *Melvin Dildine,* Assistant Defenders, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*Joseph J. Musto* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 28, 1969:

On April 22, 1966 after entering a plea of guilty the appellant was adjudged guilty of first degree murder on five separate indictments and sentenced to life imprisonment on each of the charges. A post-conviction hearing act petition was filed later the same year and relief was denied without hearing. This Court affirmed that disposition. *Commonwealth v. Hargrove,* 428 Pa. 590, 236 A. 2d 523 (1968). Subsequently, a petition was filed in federal court where he was also unsuccessful in securing relief. *United States ex rel. Hargrove v. Rundle,* F. 2d (E.D. Pa. 1968). Finally, appellant addressed another PCHA petition to the Philadelphia Common Pleas Court which once again dismissed without a hearing. It is this last determination from which the instant appeal is taken.

Only one issue is presented for our consideration.* Appellant argues that he is entitled to a hearing under the Post Conviction Hearing Act on his allegation that his guilty plea was induced by the knowledge that if he were to stand trial for the murders there was a far greater likelihood that a sentence of death would be imposed upon him than if he pleaded guilty. His argument continues that being faced with such a choice violates the rationale of *United States v. Jackson*, 390 U.S. 570, 581-82, 88 S. Ct. 1209 (1968). While for the purposes of deciding whether appellant is entitled to a hearing we must accept as true his factual assertions, this Court still must decide whether, if these facts are proven, appellant would be entitled to relief. Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9. *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968).

*United States v. Jackson* dealt with the penalty provision of the Federal Kidnapping Act. 18 U.S.C. §1201 (a). This section provided that those who violated the act could be punished by death "if the verdict of the jury shall so recommend"; however, if an accused chose to be tried before a judge or to enter a plea of guilty there was no possibility that the death penalty would be imposed. The Supreme Court stated "Under the Federal Kidnapping Act, therefore, the defendant who abandons the right to contest his guilt before a jury is assured that he cannot be executed; the defendant ingenuous enough to seek a jury acquittal stands fore-

---

* It is clear that this issue cannot be considered waived because it was not raised on either of the earlier collateral petitions. *United States v. Jackson* was not decided until after appellant's federal petition was denied; therefore there was no way the present argument based on *Jackson* could have been considered available at the time of either of his petitions. See *Commonwealth ex rel. Berkery v. Myers*, 429 Pa. 378, 239 A. 2d 805 (1968).

warned that, if the jury finds him guilty and does not wish to spare his life, he will die . . . . The inevitable effect of any such provision is, of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial." Therefore the Court struck down the penalty provision by noting "Whatever might be said of Congress' objectives, they cannot be pursued by means that needlessly chill the exercise of basic constitutional rights."

Appellant acknowledges that there is one significant difference between the procedure in *Jackson* and the choice he faced. Under Pennsylvania law there was no way that appellant could be *assured* that his life would be spared. Whether appellant chose to contest his guilt or decided to plead guilty he still faced the possibility that the death penalty would be imposed. Act of June 24, 1939, P. L. 872, as amended, 18 P.S. §4701. But appellant argues that this difference is not crucial; the reasoning of his argument is that *Jackson* should *not* be restricted to the situation where the death penalty can be *avoided* by choosing not to go before a jury; appellant asserts that *Jackson* should apply to those cases where the defendant has reason to believe that the risk of a death sentence will be *substantially reduced* if he chooses not to contest his guilt.

However, it is our view that the difference between *Jackson* and the present appeal *is* critical. It is a clear cut choice between avoiding and risking the death penalty which the Supreme Court found to be such an overbearing one in *Jackson*. Here no such decision was placed before the defendant. At worst the defendant had to make a choice between probabilities, neither of which carried any *guarantee* that the death penalty would not ultimately be imposed. Nor does appellant argue that the death penalty is *never* imposed by trial judges after pleas of guilty. If that were true, then

much of the same situation as that which disturbed the Court in *Jackson* would be present. But so long as there was a *real* possibility that the trial court would mete out the death penalty (even if the risk was less than that faced in a jury trial) we do not believe that the Pennsylvania procedure suffers from the same constitutional infirmities as that struck down in *Jackson*.

This approach comports with that adopted by the Court of Appeals for the Ninth Circuit in a recent case involving an Arizona statute similar to this one. After reciting the conclusions to be drawn from *Jackson*, that Court went on to say "Under Arizona law either the judge or the jury can impose the death penalty so that a defendant must risk death regardless of whether he pleads guilty or chooses jury trial . . . . We therefore hold that the procedure does not 'needlessly penalize' the assertion of any constitutional right within the meaning of Jackson." *Sims v. Eyman*, 405 F. 2d 439, 446 (9th Cir. 1969).

Because of the analysis outlined above, even if the appellant were able to prove that his plea was induced by the fear that the risk of the death penalty was greater if he chose a jury trial, he would not be entitled to relief. Therefore, the dismissal of appellant's PCHA petition without hearing was proper.

Order affirmed.