UNITED STATES of America ex rel. Ralph MADISON H-5666, Appellant,

v.

Alfred T. RUNDLE, Superintendent SCIG.

No. 17892.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 1, 1969.

Decided Feb. 27, 1970.

Ralph Madison, pro se.

Vram Nedurian, Jr., Asst. Dist. Atty., Media, Pa. (Ralph B. D'Iorio, Asst. Dist. Atty., Chief, Appeals Division, William R. Toal, Jr., First Asst. Dist. Atty., Stephen J. McEwen, Jr., Dist. Atty., Media, Pa., on the brief), for appellee.

Before GANEY, SEITZ and ALDISERT, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

The relator herein, Ralph Madison, while represented by counsel, entered a plea of guilty generally in a Pennsylvania murder case. The trial court found, after the taking of full and complete testimony, that the relator was guilty of murder in the second degree. An appeal from the judgment of this sentence was never taken.

Less than a year later, the appellant filed a petition for a writ of habeas corpus in the Court of Common Pleas of Delaware County, alleging that his plea of guilty resulted from coercion which was, in turn, induced by fear of the death penalty. It was the contention of the relator that the Act of June 24, 1939, 18 P.S. § 4701,[1] was unconstitutional.

This writ was denied by the state court which was later affirmed by the Supreme Court of Pennsylvania. Pending his appeal to the Supreme Court in the habeas corpus action, the appellant filed a petition under the Pennsylvania Post Conviction Hearing Act, Act of January 25, 1965, P.L. 1580, effective March 1, 1966, 19 P.S. § 1180–1 et seq., under which he was granted a hearing, represented by court-appointed counsel, in which petition he alleged coercion by his counsel to enter a plea of guilty to murder generally, and that his counsel

---

1. This section, in pertinent part, reads as follows: "§ 4701. Murder of the first and second degree. * * * The jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, ascertain in their verdict whether the person is guilty of murder of the first or second degree. If such person is convicted by confession, the court shall proceed, by examination of witnesses, to determine the degree of the crime, and to give sentence accordingly.

"Whoever is convicted of the crime of murder of the first degree is guilty of a felony and shall be sentenced to suffer death in the manner provided by law, or to undergo imprisonment for life, at the discretion of the jury trying the case, which shall, in the manner hereinafter provided, fix the penalty. In the trial of an indictment for murder, the court shall inform the jury that if they find the defendant guilty of murder in the first degree, it will be their further duty to fix the penalty therefor, after hearing such additional evidence as may be submitted upon that question. * * *"

never advised him of his right of appeal after imposition of sentence. The trial court dismissed the petition on both counts. There was an appeal to the Supreme Court of Pennsylvania, which affirmed the dismissal in a unanimous per curiam.

Appellant's petition for writ of habeas corpus was then filed in the lower court by the relator alleging (1) that he had entered his plea of guilty as a result of mental coercion by counsel in view of the threat of a possible death penalty, and (2) that he had not been advised of his right of appeal of his sentence by way of direct review. Relator's petition was denied and, probable cause for an appeal existing, this appeal was taken.

■ In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Court stated: "In the instance of where a guilty plea has been entered by the relator, it is the duty of the court to make the determination as to whether it is voluntary, that is whether it is understandingly and intelligently made." A review of the record confirms the judgment of the trial court that the defendant understood the nature of his plea in regard to the murder charge and that the trial judge made full inquiry into the nature of his plea, and that no promises were made by the court, and also that if the court found that a verdict of first degree murder was warranted, relator would be exposed to the death penalty.

A part of his first contention is that he was deprived of his right to trial by jury under the United States Constitution's Sixth Amendment, by virtue of the Pennsylvania murder statute. His principal assertion was that United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), applied, and rendered the statute unconstitutional. However, the Pennsylvania statute can be distinguished from the Federal Kidnapping Act, 18 U.S.C. § 1201.[2]

It can thus be seen that the statute punishes by death whenever the verdict of the jury so recommends, while at the same time the statute sets forth no procedure for imposing the death penalty upon a defendant who waives the right to a jury trial or to one who pleads guilty. Under this Act the right to a jury trial might cost a person his life for it is stated in United States v. Jackson, supra, at p. 581, 88 S.Ct. at p. 1216, "Under the Federal Kidnapping Act therefore, the defendant who abandons the right to contest his guilt before a jury is assured that he cannot be executed; the defendant ingenious enough to seek a jury acquittal stands forewarned that, if the jury finds him guilty and does not wish to spare his life, he will die. Our problem is to decide whether the Constitution permits the establishment of such a death penalty, applicable only to those defendants who assert the right to contest their guilt before a jury. The inevitable effect of any such provision is, of course, to discourage assertion of the Fifth Amendment right not to plead guilty [20][3] and to deter exercise of the Sixth Amendment rights to demand a jury trial. * * *"

■ However, under the Pennsylvania murder statute whether the appellant chooses to contest his guilt or decides to plead guilty, he still faces the possibility that the death penalty would be imposed. Here, the defendant had to make a choice between probabilities, neither of

2. This section, in pertinent part, provides as follows: "§ 1201. Transportation (a) Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully * * * kidnaped * * * and held for ransom * * * or otherwise * * * shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for

any term of years or for life, if the death penalty is not imposed."

3. Footnote 20 reads as follows: "It is established that due process forbids convicting a defendant on the basis of a coerced guilty plea. See, e. g., Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126."

which carried any guarantee that the death penalty would not ultimately be imposed, and this, therefore, does not present any constitutional infirmity. Commonwealth v. Hargrove, 434 Pa. 393, 254 A.2d 22 (1969).

 Finally, another argument the petitioner advances as one of his grounds for relief is that he was denied the right to state appellate remedies. However, at the post conviction hearing the court was advised of the fact that the relator had been told by counsel he had a right of appeal and that he never informed him of his wish to exercise it. With the relator's advising the court that he had not been advised of his right of appeal, the issue was squarely drawn before Judge Diggins and he dismissed the petition, commenting: "To now permit the defendant under these circumstances, to appeal the determination of this court would be an open invitation to utter frivolity and chaos and would render the legal process impotent." As has been indicated, he then took an appeal to the Supreme Court of Pennsylvania, and in a two word per curiam, it unanimously dismissed the appeal. Since the validity of his guilty plea was subject to attack in collateral proceedings, his inability to state such issue on direct review did not deny him any constitutional right. United States ex rel. Williamson v. Commonwealth of Pennsylvania, 298 F.Supp. 1141 (E.D. Pa.1969); Commonwealth v. Alexander, 435 Pa. 33, 255 A.2d 119 (1969); Commonwealth v. Minnick, 436 Pa. 42, 46, 258 A.2d 515, 517 (1969).

While the lower court did not mention in its opinion the question of the alleged denial of relator's right of appeal, which he raised in his petition, it is obvious from the above he suffered no constitutional infirmity. Furthermore, in adopting the findings of Judge Diggins in the post conviction hearing, it may be considered covered in the last paragraph of the opinion wherein the court decided: "We find that the state court's post-conviction hearing was fair and complete and we accept the facts as found by the court. There is no need for further hearing in this court. Townsend v. Sain, 372 U.S. 293, 318 [83 S.Ct. 745, 9 L.Ed.2d 770] (1963)."

The judgment of the lower court will be affirmed.