## Commonwealth *v.* Henderson, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph T. Kelley, Jr.,* and *Kelley, Moran, Gallagher & Kelley,* for appellant.

*Steven H. Goldblatt* and *Mark Sendrow,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 11, 1974:

Appellant, represented by the Voluntary Defender's Office, was tried on March 20 to March 31, 1967, before the Honorable Edmund B. SPAETH, JR., (now a member of this court), and a jury on charges of rape and related offenses. He was found guilty on all counts and sentenced to twelve and one-half to twenty-five years imprisonment, followed by twenty years probation. Judgment of sentence was entered on August 7, 1967, from which no appeal was taken.

On June 4, 1973, appellant filed a petition pursuant to the Post Conviction Hearing Act.[1] At the resultant hearing, appellant contended that the trial court failed to advise him of his right to appeal the judgment of sentence and that he had a right to a

---

[1] Act of Jan. 25, 1966, P. L. (1965) 1580, §1 (19 P.S. §1180.1), *et seq.*

free attorney if he could not afford private counsel. As a result appellant argues that any waiver by him of his right to appeal was not made knowingly or intelligently.[2] The notes of testimony contain no statements concerning the appellant's right of appeal or a waiver of these rights.

It is well settled that every person convicted of a crime has the right to have his conviction and sentence reviewed through appeal, and if he is indigent to have his appeal prosecuted by appointed counsel at no expense to himself. *Douglas v. California,* 372 U.S. 353 (1963). These rights may be waived only if appellant displays an intentional relinquishment or abandonment of the known right or privilege. *Johnson v. Zerbst,* 304 U.S. 458 (1938); *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 220 A.2d 883 (1966). And in the instant appeal, where the record is silent, the burden of demonstrating a waiver is on the Commonwealth. *Commonwealth v. Wilson,* 430 Pa. 1, 241 A.2d 760 (1968); *Commonwealth v. Maloy,* 438 Pa. 261, 264 A.2d 697 (1970).

At the post-conviction hearing the appellant testified on direct examination that at the conclusion of the trial neither the court nor counsel had advised him of his right to appeal. On cross-examination, the Commonwealth introduced a document, dated March 31, 1967, signed by appellant, informing him of his right to appeal, the proper time for appeal, and offering the assistance of the Defender Association if an appeal was desired.[3] Appellant never stated that he desired

---

[2] At the post-conviction hearing appellant raised the issue of ineffectiveness of counsel, but apparently has decided to abandon this claim on appeal. In any event, we agree with the hearing judge's determination that a review of the record indicates that appellant had been ably and vigorously represented by counsel.

[3] Exhibit C-1 provided in pertinent part: "To the Defendant: In all criminal matters you have a right to appeal the decision of the trial court after you have been sentenced.

an appeal at that time or that he communicated such a desire to his counsel.

We are satisfied that the waiver letter signed by appellant sufficiently alerted appellant of all his rights incident to an appeal.[4] *Commonwealth v. Wilson, supra;* cf. *Commonwealth v. Ganss,* 440 Pa. 602, 271 A.2d 224 (1970). Thus, because the question of whether appellant knowingly and intelligently waived his rights incident to appeal is a question of fact that must be decided by the hearing judge, we see no reason why those findings should now be overturned. *See, e.g., Commonwealth v. Minnick,* 432 Pa. 462, 247 A.2d 569 (1968); *Commonwealth v. Perrine,* 223 Pa. Superior Ct. 486, 302 A.2d 432 (1973).

The order of the lower court denying appellant PCHA relief is affirmed.

SPAETH, J., did not participate in the consideration or decision of this case.

---

The time for taking an appeal from your sentence is forty-five (15) days from the date of sentence. Appeal papers filed more than forty-five (45) days from the date of sentence will not be accepted.

This is to inform you that it is not our intention to appeal your case. Nevertheless, if you wish to appeal, you must inform this office of your desire immediately so that we may discuss whether it is advisable for you to appeal and to assist you in filing your appeal papers, if you insist on taking an appeal."

[4] The jury entered a verdict of guilty on March 31, 1967. Sentence was deferred pending a Motion for New Trial and a Motion in Arrest of Judgment. These motions were denied on August 2, 1967, and appellant was sentenced on August 7, 1967. Appellant contends that the waiver letter dated March 31, 1967, the date of the verdict of guilty, did not indicate a waiver of appeal rights in light of the Defender Association's going forward with the Motions for New Trial and in Arrest of Judgment. He also argues that his absolute right to appeal became effective on the date of sentencing. These arguments are without merit since the waiver letter indicated that appellant would have the right to appeal "45 days from the date of sentence."