336 A.2d 280

**COMMONWEALTH of Pennsylvania**

v.

**William X. HINES, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 10, 1975.

Decided April 17, 1975.

John J. Dean, John R. Cook, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In September, 1970, appellant William Hines pleaded guilty to a charge of murder. A degree of guilt hearing was held and appellant was found guilty of mur-

der in the first degree and sentenced to life inprisonment. Post-trial motions were filed and denied, but no direct appeal was taken. Subsequently, appellant filed a petition under the Post-Conviction Hearing Act,[1] contending that his plea of guilty was invalid because involuntary and made without understanding of its consequences. Counsel was appointed to represent him and a hearing was held, after which the PCHA court denied relief on the ground that the plea was voluntarily and intelligently entered. This appeal followed.[2] We affirm because appellant has failed to show that his claim was not waived.[3]

Section 3 of the Post-Conviction Hearing Act provides, in pertinent part:

"To be eligible for relief under this act, a person . . . must prove the following:

"(d) That the error resulting in his conviction has not been . . . waived."

Section 4 defines waiver as follows:

"(b) For purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . on appeal . . . ; and

"(2) The petitioner is unable to prove the existence of extraordinary and unusual circumstances to justify his failure to raise the issue.

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §§ 1180–1 to –12 (Supp.1974).

2. Id. § 11, 19 P.S. § 1180–11, and Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, § 202(1), 17 P.S. § 211.-202(1) (Supp.1974).

3. While the question of waiver has not been raised by any party to this litigation, this Court may affirm an order if it is correct for any reason. *Commonwealth v. Dancer*, 460 Pa. 95, 101 n. 5, 331 A.2d 435, 438 n. 5 (1975); *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 604, n. 5, 327 A.2d 94, 96 n. 5 (1974); *Estate of Prynn*, 455 Pa. 192, 197 n. 9, 315 A.2d 265, 267 n. 9 (1973); *Concord Township Appeal*, 439 Pa. 466, 469, 268 A.2d 765, 766 (1970).

274

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

 Appellant first raised the claimed invalidity during the hearing on the degree of guilt when he moved to withdraw his plea. The trial court denied the motion and the claim was renewed in post-trial motions. Clearly, the claim of an involuntary and unintelligent plea of guilty was available on appeal. E. g., *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). Nowhere in the record has appellant even alleged, much less proved, that his failure to pursue this claim on appeal was anything but a knowing and intelligent waiver of any right to relief based upon that claim.[4] Neither has he alleged or proved any "extraordinary and unusual circumstances to justify his failure to raise the issue." Consequently, appellant has failed to prove a fact essential to eligibility for relief under the Act.

Order affirmed.

4. Compare, e. g., *Commonwealth v. Horner*, 453 Pa. 435, 309 A.2d 552 (1973), in which appellant established in a PCHA proceeding that his right to a direct appeal as mandated by *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), had been violated.