Commonwealth *v.* Beatty, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

138

*John P. Gregg* and *Calvin S. Drayer, Jr.*, Assistant Public Defenders, for appellant.

*Stewart J. Greenleaf*, Assistant District Attorney, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 22, 1975:

This is an appeal from an order denying appellant's Post Conviction Hearing Act[1] petition without a hearing.

On March 20, 1974, appellant pleaded guilty to charges of robbery[2] and aggravated assault.[3] Appellant was sentenced on June 4, 1974, and then appealed to this court. Subsequently appellant filed a PCHA petition with the lower court and also discontinued his direct appeal to this court. The PCHA petition alleged that appellant's guilty plea was unlawfully induced in that he pleaded guilty on his trial attorney's assurances that he would not be incarcerated but, rather, would receive a commitment under Section 410 of the Mental Health Act.[4] The decision to discontinue the direct appeal and pursue this claim through the PCHA was made by appellant because he believed that an evidentiary hearing, needed to explore the facts supporting his contention, could be more effectively secured through the PCHA rather than on direct appeal. While it does appear that a hearing would be necessary to prove appellant's contention, this fact in itself does not permit appellant to bypass the normal appellate process and go directly into the PCHA pro-

1. Act of January 25, 1966, P.L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. Hereinafter referred to as PCHA.

2. Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §3701.

3. Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §2702.

4. Act of October 20, 1966, Special Sess. No. 3, P.L. 98, art. IV, §410, 50 P.S. §4410.

cedure. Section 3 of the PCHA clearly states that to be eligible for relief under that act one must prove that the issue raised "has not been finally litigated or waived." Section 4 states that an issue is waived if "[t]he petitioner knowingly and understandingly failed to raise it and it could have been raised . . . on appeal." Section 4 further states that "[t]here is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

Recently our Supreme Court considered a similar problem in the case of *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). In that case appellant attempted to raise a claim of ineffective assistance of counsel in a PCHA proceeding. Because that issue had not been raised on direct appeal, the PCHA and the principles of judgment finality mandated a conclusion by the court that such issue had been waived as to possible PCHA relief. We reach the same conclusion in the instant case.[5]

The fact that a hearing might be necessary to resolve this type of issue does not prohibit appellate courts from considering such issue on direct appeal. If on direct appeal an appellate court finds that it is unable to resolve the issue from the record before it, the court has the option of remanding the case for an evidentiary hearing, as was done in *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

Therefore the order of the lower court dismissing appellant's PCHA petition is affirmed.

---

5. It should be noted that appellant still has several avenues by which he can pursue his claim. He can petition this court for leave to take an appeal nunc pro tunc; or, he can pursue the claim through the PCHA showing the existence of extraordinary circumstances, i.e., ineffective assistance of counsel, which justify his failure to raise the issue on direct appeal. See Section 4(b)(2) of the PCHA.

---

CONCURRING AND DISSENTING OPINION BY SPAETH, J.:

Before *Dancer*, many attorneys would have done what appellant's attorney did here, for to argue on appeal a point that required an evidentiary hearing seemed inconsistent. Indeed, we ourselves frequently admonished counsel from the bench that we would not hear such an argument, adding that after a PCHA hearing, an appeal could be taken from the PCHA order, and then we would hear the argument. Accordingly, to say that appellant's pre-*Dancer* withdrawal of appeal was a waiver seems to me wrong. I agree that because of *Dancer* we should affirm the order dismissing the PCHA petition. However, since, as the majority observes, an evidentiary hearing will be necessary, I should reinstate the appeal and remand for hearing, as in *Twiggs*.

HOFFMAN, J., joins in this opinion.