344 A.2d 814
**COMMONWEALTH of Pennsylvania**
v.
**Edward FIELDS, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1975.

Decided Oct. 3, 1975.

Lee Mandell, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Judge.

This is an appeal from an order denying relief under the Post Conviction Hearing Act.[1]  Edward Fields was

---

1. Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp.1975).  This court has jurisdiction under the Post Conviction Hearing Act, id. § 11, 19 P.S. § 1180–11, and the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975).

arrested and charged with the fatal shooting of a young man on October 10, 1964, in Philadelphia. He was indicted on a charge of murder.

Following indictment, appellant was represented by two sets of appointed counsel. The first pair of attorneys discussed the case with appellant and told him that in their opinion the best course for him to follow was to enter a guilty plea. They also told him that the choice of plea was his alone.

Appellant was dissatisfied with this advice and, lacking confidence in the zeal of his appointed counsel, sought to have them replaced. Although a motion to that effect was denied, appellant was represented by different counsel at the hearing at which his changed plea was accepted.

It appears that at least one of the replacement counsel also advised appellant to plead guilty. Despite contrary advice from co-counsel, he entered a guilty plea on December 14, 1966. After an extensive colloquy conducted by defense counsel, counsel for the Commonwealth, and the court, the plea was accepted. No direct appeal was taken.

Appellant on this appeal asserts that his guilty plea was not made knowingly, voluntarily and intelligently because (1) it was based on an allegedly unconstitutionally obtained confession,[2] (2) his counsel ineffectively represented him by advising him to plead guilty, and (3) he did not know that he was waiving his right to trial by jury and certain appeal rights. None of these claims has any merit.[3]

---

**2.** In view of our disposition we need not address the constitutionality or unconstitutionality of the confession which is claimed to have motivated appellant's guilty plea.

**3.** To be eligible for relief under the Post Conviction Hearing Act, appellant would be required to prove that his claim was not waived. See Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, §§ 3(d), 4(b), 19 P.S. § 1180–3(d), 4(b) (Supp. 1975). Failure to take a direct appeal may have resulted in a

■ Appellant claims that his guilty plea was motivated by a confession he had given the Philadelphia police. The record of the December 14, 1966, guilty plea hearing, however, refutes this contention. The prosecutor at that hearing stated that he would not use the confession and did not, in fact, use it. Instead, he presented the statements of many eyewitnesses, friends of appellant, who placed him at the scene of the crime as the perpetrator.

Further, at the hearing on his PCHA petition, appellant was asked why he pled guilty. He replied:

"Well, . . . I was under the impression if I throw [sic] myself on the mercy of the Court I would be shown some type of leniency. . . . And then just the agony of it being prolonged, and all. I wanted to get it over with."

No mention was made by appellant at that time of the pretrial statement nor of any feeling of coercion because of the statement.

The record thus supports the PCHA court's finding that appellant's guilty plea was not based on the allegedly unconstitutionally obtained pretrial statement.[4]

■ Appellant's contention that he was deprived of effective assistance of counsel is also without merit. The standard for passing upon claims of ineffective assistance of counsel is set forth in *Commonwealth ex rel.*

waiver of the claim that his plea of guilty was not knowing and voluntary. See *Commonwealth v. Hines*, Pa., 336 A.2d 280 (1975). However, the PCHA court did not make findings of fact with regard to certain allegations which might have obviated any waiver. Because we conclude that appellant's claim fails on the merits, we need not remand this case for the determination of this issue.

4. We note further that appellant entered his guilty plea before our decision in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968), and has the burden of proving that his plea was not knowingly and voluntarily entered. See *Commonwealth v. McBride*, 440 Pa. 81, 82, 269 A.2d 737, 738–39 (1970), *cert. denied* 402 U.S. 946, 91 S.Ct. 1635, 29 L.Ed.2d 115 (1971).

248

*Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

"We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original.)

Faced with strong evidence of guilt of murder in the first degree counsel recommended a guilty plea to murder generally. This recommendation was distinctly to his client's advantage in view of the Commonwealth's announced intent to certify that the crime rose to no more than murder in the second degree if such a plea were entered. Counsel's assistance surely had a "reasonable basis designed to effectuate his client's interests."

Finally, appellant claims that he did not know that his plea waived certain appeal rights and his right to trial by jury were carefully considered by the PCHA court and found to be contradicted by the record. Our review discloses no basis upon which to disturb that conclusion.

Order affirmed.