370 A.2d 1209

**COMMONWEALTH of Pennsylvania**

v.

**Daniel F. O'DONNELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 15, 1976.

Decided March 16, 1977.

Samuel W. Salus, II, Philadelphia, for appellant.

William T. Nicholas, Dist. Atty., Ross Weiss, 1st Asst. Dist. Atty., Eric J. Cox, Asst. Dist. Atty., Chief, Appellate Div., Bert M. Goodman, Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On July 3, 1973, appellant Daniel F. O'Donnell entered a counseled plea of guilty to the charge of murder generally. After a degree of guilt hearing, the court found appellant guilty of voluntary manslaughter and sentenced him to three to ten years imprisonment. Appellant did not appeal his conviction. On October 21, 1974, appellant filed a counseled petition under the Post Conviction Hearing Act,[1] [hereinafter "the Act"], alleg-

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1976).

ing that his guilty plea was unlawfully induced by impermissible threats of his trial counsel. The PCHA court dismissed the petition without a hearing in an opinionless order. In this counseled appeal,[2] appellant asserts that dismissal of his petition without a hearing was improper. We affirm.[3]

Section 9 of the Act provides:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner."

19 P.S. § 1180–9 (Supp.1976).

▪ The petition is presently insufficient; it does not allege facts which would entitle petitioner to relief. Appellant asserted that his guilty plea was involuntary because it was coerced by his trial counsel. From his specific factual allegations, however, it appears that trial counsel merely advised him of the likely consequences if the case were to go to trial. This was not improper. Appellant's decision to follow his attorney's advice to plead guilty in order to avoid a harsher sentence does not establish that the plea was involuntary. See e. g., *Commonwealth v. White,* 446 Pa. 378, 288 A.2d 759 (1972); *Commonwealth v. Allen,* 442 Pa. 102, 275 A.2d 105 (1971). Since appellant has not alleged facts which, if proven, would entitle him to relief, the PCHA court properly denied him an evidentiary hearing under sec-

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1976).

3. We may affirm the trial court's order if it is correct for any reason. E. g., *Commonwealth v. Hines,* 461 Pa. 271, 336 A.2d 280 (1975).

28

tion 9 of the Act. See *Commonwealth v. Holl*, 434 Pa. 312, 254 A.2d 11 (1969). See generally *Commonwealth v. Gilmer*, 441 Pa. 170, 270 A.2d 693 (1970).

JONES, former C. J., did not participate in the decision of this case.

ORDER AFFIRMED.