372 A.2d 410
COMMONWEALTH of Pennsylvania
v.
James J. DeSANTIS, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 20, 1976.

Decided April 28, 1977.

Harold J. Bender, Public Defender, Erie, for appellant.

Robert H. Chase, Dist. Atty., Frank J. Scutella, Asst. Dist. Atty., Erie, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM.

Appellant appeals the dismissal of his Post-Conviction Hearing Act Petition.[1] He challenges the validity of his plea of guilty to charges of burglary and larceny on the ground that his on-the-record guilty plea colloquy was inadequate under Pa.R.Crim.P. 319. Although this claim was cognizable on direct appeal, e. g., *Commonwealth v. Hines*, 461 Pa. 271, 336 A.2d 280 (1975), appellant took no appeal from the judgment of sentence. In this PCHA proceeding, appellant has not alleged facts which would

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1976).

justify his failure to raise this claim on appeal.[2]  Accordingly, the claim has been waived, 19 P.S. § 1180–4(b) ;  see, e. g., *Commonwealth v. Hines, supra,* and the counseled petition was properly dismissed.

Order affirmed.

2.  Appellant's PCHA petition asserted that his trial counsel was ineffective.  Ineffectiveness of counsel is a circumstance which excuses the failure to raise an issue in a prior proceeding and precludes a finding of waiver under 19 P.S. § 1180–4(b) (Supp. 1976).  *Commonwealth v. Roundtree,* 469 Pa. 241, 247 n. 4, 364 A.2d 1359, 1362 n. 4 (1976); *Commonwealth v. Waddy,* 463 Pa. 426, 429, 345 A.2d 179, 180 (1975) (plurality opinion); *Commonwealth v. Wideman,* 453 Pa. 119, 123, 306 A.2d 894, 896 (1973). See generally *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976).  At the PCHA hearing, however, appellant withdrew his allegation that his trial counsel had been ineffective.