389 A.2d 651

COMMONWEALTH of Pennsylvania

v.

Richard PORTER, Appellant.

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided July 12, 1978.

Andrew G. Gay, Philadelphia, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal is from the lower court's order dismissing appellant's Post Conviction Hearing Act [1] petition without a hearing. We affirm that order.

On August 31, 1972, appellant entered a guilty plea to passing counterfeit money in violation of the Penal Code.[2] Appellant was sentenced to pay a fine of two hundred and fifty dollars and to serve twelve months probation. This sentence was not appealed.

During the ensuing months, appellant violated several of the conditions of his probation. Appellant failed to appear for a revocation hearing scheduled for August 31, 1973, and an arrest warrant was issued. On January 30, 1976, appellant was apprehended in Philadelphia. After a probation revocation hearing on March 25, 1976, probation was revoked. Appellant was sentenced to serve eleven months to five years imprisonment and to pay the costs of prosecution and the unpaid portion of the previously levied fine.

A counseled Post Conviction Hearing Act petition was filed on August 4, 1976. In this petition, appellant alleged that his 1972 guilty plea was not voluntarily and knowingly entered because he "was not advised of the elements of the crime with which he was charged, the possible defenses thereto, his privilege against self-incrimination, the presumption of innocence, and of his right to be confronted with the witnesses and evidence against him." This petition was dismissed by the lower court on the grounds that (1) the matter had been finally litigated or waived under the Post Conviction Hearing Act and (2) a review of the recorded guilty plea colloquy which was incorporated into appellant's

1.  Act of January 25, 1966, P.L. (1965) 1580, § 1, [19 P.S. § 1180-1 (Supp.1977-78)] *et seq.*

2.  Act of June 24, 1939, P.L. 872, § 1010, (18 P.S. § 5010), *repealed by* the act of December 6, 1972, P.L. 1482, No. 334, § 5.

P.C.H.A. petition demonstrated the voluntariness of the plea.

As a general rule, a P.C.H.A. court may dismiss a petition without a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from the other evidence submitted by the petitioner. Act of January 25, 1966, P.L. (1965) 1580, § 9 [19 P.S. § 1180—9 (Supp.1977–78)]. Moreover, even where a petitioner alleges facts that, if proven, would entitle him to relief, the petition may still be dismissed if the issue could have been raised previously and the petitioner does not allege extraordinary circumstances justifying his failure to do so. *Commonwealth v. Bennett,* 472 Pa. 314, 372 A.2d 713 (1977); *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Johnson,* 431 Pa. 522, 246 A.2d 345 (1968).

In the instant case, appellant has failed to allege sufficient extraordinary circumstances explaining his failure to raise the matter previously.[3] The primary question raised in this appeal is whether, under recent pronouncements by this court and the supreme court, appellant was excused from asserting the existence of "extraordinary circumstances."

In *Commonwealth v. Beatty,* 474 Pa. 104, 376 A.2d 994 (1977), the defendant pled guilty to robbery and aggravated assault and battery and was sentenced on June 4, 1974. A timely appeal was filed, but on the advice of counsel the appeal was withdrawn and a P.C.H.A. petition

---

**3.** In his petition, appellant alleged that the "issues raised herein have not been finally litigated or waived because there was no previous litigation and petitioner was not aware of those issues at the time that he entered his guilty pleas." Appellant did not contend that his right to appeal was denied, *see Commonwealth v. Hayes,* 462 Pa. 291, 341 A.2d 85 (1975), or that he was in any way deprived of the effective assistance of counsel, *see Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976). Moreover, appellant was informed, when his plea was entered in 1972, that he could appeal the plea, but that such an appeal would be limited to questions relating to the voluntariness of the plea, the jurisdiction of the court and the legality of the sentence.

was simultaneously filed. The lower court dismissed the petition without a hearing and this court affirmed. *Commonwealth v. Beatty*, 236 Pa.Super. 137, 344 A.2d 591 (1975). The supreme court reversed and remanded the case to the lower court, holding that the issues were not waived. In his lead opinion,[4] Justice Pomeroy concluded that the waiver doctrine did not apply. On this issue he stated, in part, as follows:

"Our recent cases, however, have corrected whatever mis-apprehension may have existed on this score. It is now settled that the proper procedure for attacking a guilty plea following the entry of judgment of sentence is to file with the trial court which accepted the plea a petition to withdraw the plea. [Citations omitted]." 474 Pa. at 108, 376 A.2d at 996.

"Since guilty pleas are properly attacked in the first instance in the trial court, it follows that appellant cannot be faulted for failing to attack his plea on direct appeal. To hold otherwise would create the anomaly of penalizing appellant for failing to follow a procedure now recognized as incorrect." 474 Pa. at 110, 376 A.2d 997 (footnote omitted).

This court, in *Commonwealth v. Schwartz*, 251 Pa.Super. 36, 379 A.2d 319 (1977), was faced with a similar case. After entering a guilty plea to a charge of escape, Schwartz attempted to challenge the validity of the plea by filing a direct appeal. A pro se P.C.H.A. petition was filed, and when counsel discovered that the same issues were raised in the petition as on the appeal, he withdrew the appeal. We treated the P.C.H.A. petition, which was reviewed in the lower court by the same judge who accepted the plea, as a properly filed petition to withdraw the plea.

*Schwartz* and *Beatty* are inapposite to the instant case. First, it should be emphasized that the above quoted lan-

---

4. The lead opinion in *Beatty* was joined by Justice O'Brien and former Chief Justice Jones. Justice Roberts filed a concurring opinion. Chief Justice Eagen and Justices Nix and Manderino concurred in the result.

guage from *Beatty* was not joined by a majority of the court, *see* footnote 4 *supra*, and therefore does not necessarily control the instant case. Moreover, under the circumstances present in those two cases the result was manifestly reasonable. Appellants in each case had timely filed direct appeals; however, the appeals were withdrawn on the advice of counsel who were obviously attempting to comport with the appellate decisions in *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973), and *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). It was clear, in each case, that the defendant, within the normal time for appeal, had attempted to raise the claims which were ultimately asserted on appeal. It was entirely reasonable for this court and the supreme court to treat the P.C.H.A. petitions as properly filed petitions complying with *Roberts*.

The instant situation is factually distinguishable from *Beatty* and *Schwartz*. Appellant never filed a direct appeal or attempted in any other manner to obtain review of his claims for almost four years after entering his plea. In addition, at the time of the entry of the plea in the instant case, 1972, appellant was not required to file a petition to withdraw. At the guilty plea hearing the judge informed appellant of the time and grounds for appeal and the right to counsel. *See* footnote 3 *supra*.

The procedure established in *Commonwealth v. Roberts, supra*, was designed to promote judicial economy by affording the lower court an opportunity to review the allegations of error prior to appeal. It was not intended as a substitute procedure for those cases which previously would have been the proper subject of a P.C.H.A. proceeding. *See* sections 3(c)(7) & (12) [19 P.S. §§ 1180—3(c)(7) & (12)].

Based on the foregoing, we conclude that it would be entirely unreasonable for this court to treat appellant's petition as if it were filed in accordance with *Roberts*. Therefore, we affirm the lower court's order dismissing the P.C.H.A. petition.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.