**James F. RESOR, Appellant,**

v.

**Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.**

**No. 9067.**

United States Court of Appeals
Tenth Circuit.

Feb. 13, 1967.

George A. Graham, Jr., Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

PER CURIAM.

The petitioner is a prisoner in the New Mexico State Penitentiary, having been sentenced on a robbery charge on September 14, 1962, by the New Mexico District Judge sitting at Raton. A petition for writ of habeas corpus was denied by the United States District Court, and this appeal was taken.

Petitioner urged before the District Court, and on this appeal, that his constitutional rights were violated during his arraignment before the state court in that he did not enter a voluntary and intelligent plea of guilty. He also argues that he was coerced into making a plea at that time.

The record shows that petitioner and four others were arrested in Taos, New Mexico, on a charge of robbing a service station. They were taken to the sheriff's office, a complaint was signed, and a preliminary hearing was had before a justice of the peace. The defendants were then placed in the Taos County Jail. Two days later, the five defendants were taken to Raton for arraignment. In the meantime, to the original charge of armed robbery there had been added a second count of unarmed robbery. It appears that the prisoners agreed to plead to the lesser charge of unarmed robbery, and it was on this basis that the sheriff undertook to take the five of them to Raton for the plea. Raton is located in a different county, but in the same judicial district and a place where the district judge was available for the hearing. The five defendants then appeared before the state district judge in Raton, and the record shows that they each entered a plea of guilty to a charge of unarmed robbery.

The petitioner testified at the hearing in the United States District Court that prior to arraignment, he was not advised of his right to have counsel, that the charge was not explained, and that he did not individually enter a plea; instead someone else in the group or several of them besides himself actually spoke for the group. This testimony is contradicted by a stenographic record of what transpired during the course of the arraignment. This record shows that all of the defendants were advised of their rights to an attorney, that the charge was explained, and that each entered a plea of guilty.

The principal question raised on this appeal is whether or not the record of the arraignment was properly admitted before the United States District Court. The transcript of the proceedings before the court shows that the exhibit purporting to be a transcript of the proceedings before the state judge was offered in evidence, but was objected to by the attorney for the petitioner on the ground that the document offered was an unverified copy, and further that there was no foundation laid for the introduction of the exhibit. The exhibit was examined by the court and the attorney for the state was questioned as to whether an original copy was available. He advised the court he would secure an authentication from the appropriate court clerk. A further discussion was had between the counsel and the court as to whether an original would be available, the attorney advising the court that attempts had been made to secure the original but it could not be found. The attorney for the state thereupon undertook to make a further attempt to secure a proper copy and the attorney for the petitioner then stated according to the transcript as follows:

"Mr. Graham: Your Honor, I will tell you what I will do, is agree to proceed as if this—the transcript were certified, and with the understanding that if—

"The Court: If they can get one, all right; if they can't—

"Mr. Graham: But if they can't, any testimony or any evidence in connection with it, be stricken.

"The Court: All right, fine.

"Mr. Harris: I will just refer to the record on the expectation that we will have—I have no further questions of Mr. Resor, and will defer to the record if we get the certified copy."

The record shows that thereafter the attorney for the state had the document certified by the District Court Clerk in Taos County, New Mexico, as being a true copy " * * * of instruments filed in the above styled cause in my office in Taos, Taos County, New Mexico," the certificate bearing the style of "State of New Mexico, Plaintiff vs. James Resor, et al, Cause No. 2634 Criminal." This document so certified is a photocopy of the transcript of the arraignment proceedings and bears the certificate by the court reporter and a photocopy of what purports to be his signature. The document also shows to have been filed by the Clerk of the District Court on September 17, 1962, which was some two days following the date of the certificate of the reporter, the arraignment being on September 14, 1962.

The petitioner urges here that no proper foundation was laid for the admission of the instrument, and that it should have been exemplified instead of merely certified; however, the record shows that the parties agreed during the course of the hearing that a certified copy should be acceptable and that no further procedure was necessary if such was furnished. The trial judge considered the certificate to be an adequate compliance with the agreement and found nothing to cast doubt upon the authenticity or the contents of the copy of the transcript of the arraignment. We accept his determination of these issues.

This transcript of arraignment shows that the petitioner was fully advised of his rights under the circumstances in all respects, and that he knowingly entered a plea of guilty.

The petitioner further urges that the conditions existing in the Taos jail at the time were so bad that this constituted some compulsion on the part of the petitioner to enter a plea. The record shows that the defendants were advised they would have to wait some five to six months before going to trial in Taos County. The record also shows that the sheriff freely admitted the conditions in the Taos County Jail were very bad. The sheriff however denied any contention that he had told the parties that they "would be out in six months" if they entered a guilty plea at Raton and were sentenced.

Any defects that may have occurred during the course of the preliminary hearing were waived by the plea of guilty. Pearce v. Cox, 354 F.2d 884 (10th Cir.); Silva v. Cox, 351 F.2d 61 (10th Cir.).

The facts were fully developed during the course of the hearing before the trial court and the disputed issues of fact were resolved by the trial court as indicated above. We find no error in the case, and the case is affirmed.