Russell Dean **KLEINHANS**, Petitioner,

v.

Elmer O. **CADY**, Warden, Respondent.

No. 70–C–160.

United States District Court,
W. D. Wisconsin.

Aug. 17, 1970.

Russell Dean Kleinhans, pro se.

Mary V. Bowman, Asst. Atty. Gen., Madison, Wis., for respondent.

JAMES E. DOYLE, District Judge.

This is a petition for a writ of habeas corpus in which petitioner, presently confined in the Wisconsin State Prison, claims that he is being held in custody in violation of his rights under the United States Constitution.

Leave was granted to file the petition *in forma pauperis*; respondent was directed to respond; and a response was filed. Petitioner has submitted a traverse to the response.

Petitioner raises four contentions in support of his argument that he is being illegally detained: (1) that he was denied the assistance of counsel at the time of his arrest and interrogation by police; (2) that his confession and guilty plea were not voluntary but coerced; (3) that his counsel "misrepresented" him by inducing him to plead guilty; and (4) that he is not receiving mental treatment as provided by his sentence but is confined to the state prison as a criminal.

■ Allegations (2) and (3) deal with the voluntariness of petitioner's confession and guilty plea. As for allegation (1), a voluntary guilty plea operates as an effective waiver of pretrial irregularities. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Such pretrial irregularities as denial of counsel and coercion of petitioner's confession would be among those waived by the guilty plea. Thus, the first three allegations of the petition hinge on the voluntariness of the guilty plea.

In Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), a case dealing with the problem of waiver of right to counsel, the Supreme Court held: "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver." 369 U.S. at 516, 82 S.Ct. at 890. The same standard was recently applied by the Court to pleas of guilty. Boykin v. Alabama, 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Boykin, according to the Seventh Circuit Court of Appeals, held "only that there must be evidence in the trial court record showing that a guilty plea was knowingly and intelligently entered." Hansen v. Mathews, 424 F.2d 1205, 1208 (7th Cir. 1970).

■ Having examined the pertinent sections of the trial court record in this proceeding, I have determined that the petitioner's plea of guilty was entered knowingly and voluntarily. The petitioner was represented by retained counsel, and the trial judge took great pains to explain the procedure to the petitioner and to ascertain the voluntariness of the plea.[1] The record in this case presents one of the most thorough ac-

---

1. In the eleven pages of the transcript covering the plea acceptance, the judge told petitioner that upon a guilty plea there would be no trial, no witnesses, no jury; that the plea of not guilty by reason of insanity was available; that a presentence investigation had been held to determine whether he could stand trial; that petitioner should not plead guilty unless satisfied in his own mind that he had committed the crime; that it would be foolish to plead guilty to a serious crime such as this if not guilty; that he would be going to the Wisconsin State Prison at Waupun, not to a hospital; that there he would be treated as all other inmates, except that he would receive appropriate medical treatment; and that the sentence could result in petitioner's remaining incarcerated for the remainder of his life due to the periodic extension provisions of the Wisconsin Sex Crimes Law. The judge inquired of petitioner whether he knew the maximum penalty for the crime with which he was charged; whether he had discussed the plea with his family and with his attorney; whether any promises or threats had been made; and, of course, whether the plea was voluntary. The judge also informed petitioner that he had the right to have a jury trial, call witnesses, have compulsory process, receive counsel at state expense, and that the prosecutor must prove each and every word in the information beyond a reasonable doubt. Questions were also asked of petitioner's counsel to determine whether he felt his client's plea was voluntarily and intelligently made.

ceptances of a guilty plea to come before this court. It is on the basis of this record that I dismiss allegations (1), (2), and (3) of the petition for a writ of habeas corpus.

In allegation (4), petitioner alleges that he is not receiving appropriate mental treatment. The response contains a "Psychological Evaluation" by a psychological consultant and an "Interview Note" by the supervisor of the Clinical Services Unit at the prison. These are dated March 23, 1970, and April 30, 1970, respectively. Both reports indicate that petitioner refuses to participate in therapy offered him even though he is aware of "his own need for psychotherapeutic help as well as the legal requirements governing his incarceration under the Sex Crimes Law." In his traverse, petitioner alleges that after his second individual therapy session he was told by the supervisor of the Clinical Services Unit that "you don't need any more treatment—there is nothing more that we can help you with." After petitioner requested Family Counseling, his request was again denied: "you don't need this help and we give this only to those who need it—there is nothing more we can do for you."

I construe allegation (4) of the petition as a complaint seeking injunctive relief for a deprivation of constitutional rights under 42 U.S.C. § 1983. Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968); Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963). I construe the response to allegation (4) as a motion for summary judgment. United States ex rel. Seals v. Wiman, 304 F.2d 53, 64 (5th Cir. 1962); Bowdidge v. Lehman, 252 F.2d 366, 368 (6th Cir. 1958); Hunter v. Thomas, 173 F.2d 810, 812 (10th Cir. 1949); In re McShane's Petition, 235 F.Supp. 262, 266 (N.D.Miss. 1964); Fed.R.Civ.P. 12(b). Similarly, I construe petitioner's traverse as an affidavit in opposition to the motion for summary judgment. So construed, it appears that respondent alleges that petitioner is receiving appropriate medical treatment, and petitioner alleges that his

requests for such treatment have been denied. There being a genuine issue of material fact, the motion for summary judgment is denied. Fed.R.Civ.P. 56(c).

However, since the parties did not have advance notice that the response and traverse would be construed as I have construed them, they may file any appropriate motion with regard to allegation (4), including a motion for summary judgment.

On the basis of the foregoing discussion, the petition for a writ of habeas corpus is dismissed. The parties may file motions with respect to allegation (4) within 20 days from the entry of this order.