**UNITED STATES of America ex rel. Andrew L. DICKENS**

**v.**

**Alfred T. RUNDLE, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

**Civ. No. 69–500.**

United States District Court, E. D. Pennsylvania.

June 8, 1971.

---

Andrew L. Dickens, pro se.

David Richman, Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

The relator, Andrew L. Dickens, has filed with this Court a petition for a writ of habeas corpus. Relator was indicted by the Philadelphia County Grand Jury as of September Sessions, 1963, Nos. 168 and 169, charging respectively murder and aggravated assault and battery by cutting. Relator, who was represented by counsel, entered a plea of guilty to murder generally and to aggravated assault and battery by cutting.

Evidence was heard on the murder charge by a three-judge panel, and relator was found guilty of murder in the second degree. Relator was sentenced to serve concurrent terms of 10–20 years (Indictment No. 168) and 1–3 years (Indictment No. 169). No direct appeal was taken.

Relator attacked his conviction on Indictment No. 168 in a "Petition for Relief" filed in the State Court of Common Pleas under the Post Conviction Hearing Act (19 P.S. Sec. 1180–1 et seq.) which challenged the validity of his plea and alleged that his right to appeal had been obstructed. After a hearing, the petition was denied. Although no appeal from this decision was taken, we fail to see how the interests of justice would be served by sending relator back to the State Courts for failure to exhaust state remedies, even if an appeal *nunc pro tunc* might be available.

In his petition before this Court relator makes the following claims: (a) abuse by police and denial of right to counsel at his interrogations; (b) denial of his right to counsel and procedural irregularities at his preliminary hearing because of noncompliance with Pennsylvania Rules of Criminal Procedure 116–119, 19 P.S. Appendix; (c) obstruction of his right to appeal.

With regard to the first of these contentions, in view of relator's plea of guilty, the existence of a coerced confession would be relevant only to the validity of the plea. The United States Supreme Court has made it clear that a competently counseled defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

Similarly, if there was any constitutional basis to support relator's claims concerning his preliminary hearing, these issues would be relevant only

to the validity of the subsequent plea of guilty. We find, however, no constitutional defect in the preliminary hearing itself. First, with regard to the absence of counsel, the United States Court of Appeals for the Third Circuit has recently held that Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) which required representation by counsel at the time of the preliminary hearing is not to be retroactively applied. United States ex rel. Walker v. Maroney, 444 F.2d 47 (3rd Cir. May 24, 1971). Therefore, relator was deprived of no constitutional right when he was not represented at his preliminary hearing in 1963. Second, relator's claims based on the procedural requirements of the Pennsylvania Rules of Criminal Procedure relating to preliminary hearings do not raise issues cognizable in a federal habeas corpus proceeding. 28 U.S.C. § 2254(a).

Finally, liberally construing the assertions made by the relator, he preserves the claim presented in his Post Conviction Hearing Act Petition that he was denied his right to appeal through the failure of all concerned to advise him of the existence of this right. Even if we assume this contention to be true, since the only issues which could have been raised on direct appeal (the validity of the guilty plea and the sentence imposed) were subject to attack in collateral proceedings, his inability to state such issues on direct review did not deny him any constitutional right. United States ex rel. Madison v. Rundle, 422 F.2d 49 (3rd Cir. 1970). In that case, the Court of Appeals explicitly held that the relief afforded under the Pennsylvania Post Conviction Hearing Act cures the constitutional deficiency of a denial of a direct appeal from a conviction for second-degree murder. See also United States ex rel. Walters v. Rundle, 424 F.2d 488 (3rd Cir. April 13, 1971).

In accordance with the foregoing, relator's petition for a writ of habeas corpus will be denied with prejudice.