UNITED STATES of America ex rel.
Charles VANDERHOST

v.

Alfred T. RUNDLE, Supt.

Civ. A. No. 70-53.

United States District Court,
E. D. Pennsylvania.

June 30, 1971.

Charles Vanderhost, in pro. per.

Arlen Specter, Dist. Atty., Philadelphia County, David Richman, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BODY, District Judge.

Before the Court is the request of Charles Vanderhost for a writ of habeas corpus.

Relator was charged with unlawful possession of drugs, No. 885 July Sessions 1959 (Philadelphia County). On October 16, 1959 relator, who was represented by Leon Sobel, Esquire, entered a plea of guilty before Judge Byron Milner. The Commonwealth also made an averment of prior conviction in an attempt for an increased sentence under a recidivist provision of the Pennsylvania Narcotic Laws, Law of July 19, 1957, No. 449, § 1, Laws of Pennsylvania, 1957. Relator was sentenced as a second offender to a term of imprisonment of five to ten years. He is presently confined in the State Correctional Institution, Graterford, Pennsylvania.

Relator filed a petition under the Pennsylvania Post-Conviction Hearing Act [PCHA], 19 Pa.Stat.Ann. § 1180-1 et seq. (Supp.1971), on December 4, 1967. He attacked the validity of his conviction and sentence on the grounds that the previous conviction was not averred on the indictment and that he was not given adequate notice of the Commonwealth's intention to proceed

against him as a second offender. On May 6, 1968 a hearing was had on the petition, which was denied by Judge Charles L. Guerin. The Superior Court affirmed the denial. Commonwealth v. Vanderhost, 215 Pa.Super. 717, 261 A.2d 96 (1969). The Supreme Court denied relator's petition for allowance of appeal, No. 209–A Miscellaneous Docket No. 17.

Relator's one previous federal habeas corpus petition with respect to this matter was denied for failure to exhaust available state court remedies, United States ex rel. Vanderhost, Misc. No. 4168 (E.D.Pa., Nov. 26, 1968).

In his present federal petition, relator claims a denial of due process because of his being improperly sentenced as a second offender and because the sentencing proceedings cannot be appealed in the state courts because of the lack of a transcript of the proceedings. This contention has been raised in state post-conviction proceedings; relator has exhausted his state court remedies. Because of the full and fair hearing conducted before Judge Guerin on his PCHA petition, we do not find it necessary to conduct our own hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Disposition of this petition is made quite difficult because of the absence of a transcript of the trial and sentencing. PCHA Notes of Testimony [PCHA N. T. 3–4]. Both parties admit to the absence of a transcript. In such a situation, this Court will accept the best secondary evidence available to arrive at the true facts. Goodwin v. Page, 296 F.Supp. 1205, 1213–1214 (E.D.Okla. 1969). That information is here present in the record of the state post-conviction hearing. But at that hearing neither the prosecuting attorney at the trial, nor, apparently, relator's trial defense counsel remembered the 1959 trial or sentencing. The relator, who did remember some aspects of the proceeding, speaks in his own interest. See United States ex rel. Watson v. Mazurkiewicz, 326 F.Supp. 622 (E.D.Pa.1970). We

again point out the considerable difficulty this Court is now under and emphasize the importance of trial transcripts to avoid just such problems as we now confront.

■ There is, of course, no merit to relator's suggestion that he be granted a writ of habeas corpus because the lack of a transcript prevented relator from exercising his right to appeal, and because he has, therefore, been denied due process. Relator's main contention that he was improperly sentenced as a second offender has been presented in the state courts by means of a PCHA proceeding. In such a case, his alleged inability to present this same claim by direct appeal did not deny him any constitutional right. United States ex rel. Madison v. Rundle, 422 F.2d 49 (3d Cir. 1970); United States ex rel. Dickins v. Rundle, 328 F.Supp. 41 (E.D.Pa.1971).

■ To the extent that our relator levels a general attack on recidivist sentencing provisions, we cannot grant him relief. He admits he heard the Commonwealth make an averment of prior conviction at his sentencing. PCHA N.T. 11, 16. He also admits that his counsel was aware of his prior conviction. PCHA N.T. 16. The prosecutor testified that his practice in cases where there was going to be an averment of prior conviction was to inform the defense counsel of this after the entry of a guilty verdict. PCHA N.T. 4–8. These procedures comply with the requirements enunciated in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), for the conduct of recidivist proceedings.

■ Relator suggests in his petition that he was unaware of the consequences of his guilty plea and that his counsel had not informed him of the possibility of an increased sentence for a second offender. We note that relator's plea was entered prior to the decision of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires the record to disclose that a plea of guilty was knowingly and voluntarily made. *Boykin,* however, is not to be applied

retroactively in this Circuit, United States ex rel. Wiggins v. Commonwealth, 430 F.2d 650 (3d Cir. 1970). Under the facts of this case, a plea of guilty made upon the advice of counsel is presumptively valid and the burden is on the relator to show that his plea was not knowingly and voluntarily made. United States ex rel. Sadler v. Commonwealth, 434 F.2d 997 (3d Cir. 1970); United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970); United States ex rel. Watson v. Mazurkiewicz, 326 F.Supp. 622 (E.D.Pa.1971). Based upon a thorough review of the PCHA hearing, we cannot find that relator has met his burden in this case and will deny his requested relief.