**UNITED STATES of America ex rel.<br>John H. DICKEL**

v.

**Alfred T. RUNDLE, Supt.<br>Civ. A. No. 71–800.**

United States District Court,<br>E. D. Pennsylvania.<br>July 9, 1971.

---

John H. Dickel, pro se.

J. Shane Creamer, Atty. Gen., Leonard Packel, Deputy Atty. Gen., Harrisburg, Pa., for respondent.

### MEMORANDUM OPINION AND ORDER

JOSEPH S. LORD, III, District Judge.

This habeas corpus relator, a state prisoner, seeks his release from custody under a 10–20 year sentence imposed after he pleaded guilty to Bills of Indictment Nos. 190(a), 190(b) and 191 in the Lancaster County Court of Quarter Sessions, September Term, 1967. He alleges that his guilty plea was not voluntary in that it was induced by the conditions of his incarceration and that he was denied effective assistance of counsel. Dickel has presented these allegations to the state courts through a Post Conviction Hearing Act (PCHA) petition, 19 Pa.Stat.Ann. § 1180–1 et seq. He argues that since the fact hearing on those allegations in the state court was not full and fair, this court should hold an evidentiary hearing.

Careful examination of the 101-page transcript, covering two days of hearings, convinces us that the state judge reliably found after a full and fair hearing that petitioner's guilty plea was not induced by the conditions of his confinement. Therefore, we need hold no evidentiary hearing. *See* Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Thomas v. Maroney, 406 F.2d 992, 994 (C.A.3, 1969). Petitioner alleges that the hearing was not full and fair because it originally had not been scheduled to cover his allegations that his plea was unlawfully induced. As a result, he says, his counsel was left wholly unprepared and he was denied the right to present witnesses who would support his allegations. Petitioner's claim of surprise carries little weight, since it was on his motion that the court agreed to hear the charge that his guilty plea was unlawfully induced. In any event, the second day of the hearing occurred a week after the first day, giving petitioner ample time to procure necessary witnesses. The district attorney stipulated with Dickel's counsel that the testimony of three prospective witnesses would be the same as that of petitioner in regard to the conditions of incarceration. Neither Dickel nor his counsel mentioned any additional witnesses or sought to present any further evidence at the hearings.

■ After hearing petitioner's evidence and the Commonwealth's rebuttal, the state judge explicitly found that "there was no such cruel and inhuman treatment of the petitioner as he contends." The judge then ruled that Dickel's guilty plea was not induced by cruel and unusual confinement. We conclude that this factual determination is fairly supported by the record as developed in a full and fair hearing. There is no allegation by petitioner of newly discovered evidence. We therefore accept the findings of the state court. *See* Townsend v. Sain, *supra*, 372 U.S. at 313–318, 83 S.Ct. 745; 28 U.S.C. § 2254(d). In the absence of such inducement, petitioner's guilty plea must stand as voluntary. *See, e. g.*, Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L. Ed.2d 747 (1970).

■ Petitioner's second argument is a general allegation that his guilty plea was not made intelligently and voluntarily. A plea of guilty entered with advice of counsel is presumptively valid, and the burden is on the habeas petitioner to show that his plea was not knowingly and voluntarily made. United States ex rel. Johnson v. Russell, 444 F.2d 1177 (C.A.3, 1971); United States ex rel. Grays v. Rundle, 428 F.2d 1401 (C.A.3, 1970). Dickel was represented by counsel when he entered his plea. Petitioner has not even suggested the availability of evidence, other than that which purportedly supported his claim that the plea was unlawfully induced, which would show that his guilty plea was unintelligent or involuntary. In the absence of such evidence, the presumption of the plea's validity controls, fortified as it is in this case by the exchange between the state judge and Dickel at the time of the plea which strongly suggests the petitioner acted voluntarily and intelligently.

■ Petitioner finally alleges that he was denied effective assistance of counsel in that he was not advised of his rights of appeal. This has no bearing on the validity of his guilty plea, since it essentially amounts to a charge that he was denied his appellate rights. The only issues which Dickel could have raised on direct appeal were the validity of his guilty plea and of the sentence imposed. *See, e. g.*, Commonwealth v. Zaffina, 432 Pa. 435, 437, 248 A.2d 5 (1968). Since these issues can be presented in a collateral attack, *id.*, such as in a PCHA petition, Dickel's inability to present his challenges on direct appeal did not deny him any constitutional rights. United States ex rel. Madison v. Rundle, 422 F.2d 49, 52 (C.A.3, 1970); United States ex rel. Dickens v. Rundle, 328 F.Supp. 41 (E.D.Pa., filed June 8, 1971).

■ Because petitioner has used appendices extensively in his petition, while urging as one of the bases for his right to habeas corpus relief "other factors when taken singlely or totally constitute violations of constitutional rights and due process of law (sic)," we are unclear exactly what additional claims he may be raising here. Construing his petition most liberally, we recognize allegations that he was denied effective assistance of counsel before his guilty plea and that he was the victim of an unlawful arrest and an unlawful search. Dickel did not present his ineffective assistance claim in his original PCHA petition [1] and therefore has failed to exhaust available state remedies on that issue. 28 U.S.C. § 2254(b). Dickel's voluntary and intelligent guilty plea operates as an effective waiver of his right to object to pretrial irregularities such as unlawful arrest or search. McMann v. Richardson, 397 U.S. 759, 774, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Kleinhans v. Cady, 314 F.Supp. 1276, 1277 (W.D.Wis.1970). Therefore, we cannot consider these additional issues on their merits in this case.

1. Petitioner raised this argument for the first time in his pro se brief before the Superior Court, on appeal from denial of his PCHA petition.