**Gregory D. WILLIAMS, Petitioner,**

**v.**

**Larry R. MEACHUM, Warden and the Attorney General of the State of Oklahoma, Respondents.**

**No. 83–C–715–BT.**

United States District Court, N.D. Oklahoma.

June 25, 1984.

Gregory D. Williams, pro se.

Robert A. Nance, Asst. Atty. Gen., Michael Turpen, Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

BRETT, District Judge.

Before the Court for consideration is the petition for writ of habeas corpus of Gregory D. Williams. Respondents filed their initial response and petitioner replied to it. Respondents filed a supplemental response to which petitioner has also replied. For the reasons set forth below, the Court concludes the petition should be granted.

Petitioner was convicted in Tulsa County District Court on June 8, 1981, in Case No. CFR–80–1086, of Escape from a Penal Institution. Petitioner was sentenced to two years imprisonment to run consecutively with another sentence received in Payne County, Oklahoma.

Petitioner did not perfect a direct appeal to the Oklahoma Court of Criminal Appeals.

Petitioner filed his application for post-conviction relief in the District Court of Tulsa County on September 29, 1982. His application was denied on October 15, 1982.

Petitioner appealed the denial of post-conviction relief to the Oklahoma Court of Criminal Appeals. The denial of post-conviction relief was affirmed on November 17, 1982, Case No. PC–82–654.

Petitioner has exhausted his state court remedies and may properly proceed herein. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In his petition for writ of habeas corpus, petitioner raises four grounds of error:

1. Petitioner's guilty plea to the charge of Escape from a Penal Institution was involuntary because it was induced by the unconstitutional conditions existing at the Tulsa County Jail.

2. Petitioner's sentencing was unconstitutional because the judge knew of the unconstitutional conditions of the Oklahoma prison system yet sentenced petitioner to two years incarceration.

3. Petitioner's sentence is illegal because the Oklahoma Department of Corrections is not operated according to federal, constitutional and state standards.

4. Petitioner's incarceration is illegal because he made no knowing and intelligent waiver of his right to jury trial, right against self-incrimination and right to confront his accusers. Petitioner claims the trial court gave him no explanation of the dangers of waiving these rights, nor of the maximum/minimum possible punishment for the crime charged.

▮ In habeas corpus actions, a federal court must give the findings made by the state court judge a presumption of correctness. 28 U.S.C. § 2254(d). The burden rests upon the habeas applicant to establish "by convincing evidence" that the factual determination by the state court was erroneous. *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981). In *Sumner v. Mata*, 455 U.S. 591, 591–92, 102 S.Ct. 1303, 1304, 71 L.Ed.2d

480 (1982), the United States Supreme Court said:

"This is the second time that this matter has come before us. In *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), decided last Term, we held that 28 U.S.C. § 2254(d) ... requires federal courts in habeas proceedings to accord a presumption of correctness to state-court findings of fact. This requirement could not be plainer. The statute explicitly provides that 'a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction ... shall be presumed to be correct.' Only when one of seven specified factors is present or the federal court determines that the state-court finding of fact 'is not fairly supported by the record' may the presumption properly be viewed as inapplicable or rebutted."

The "seven specified factors" to which the Court refers are as follows:

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding;

(7) that the applicant was otherwise denied due process of law in the State court proceeding.

With *Sumner* in mind, the Court first addresses petitioner's fourth ground of error, the basis for granting the writ of habe-

as corpus. Grounds one, two and three addressed thereafter are without merit.

## GROUND FOUR: KNOWING AND INTELLIGENT WAIVER OF PETITIONER'S RIGHTS

Petitioner claims his incarceration is illegal and in "violation of the 5th, 6th, 9th, and 14th Amendments to the United States Constitution in that the petitioner did not knowingly, willingly, and intelligently waive his constitutional rights to, (1) A JURY TRIAL, (2) RIGHT AGAINST SELF INCRIMINATION, (3) RIGHT TO CONFRONT HIS ACCUSSERS (sic)." Moreover, petitioner claims the district court did not fully explain to petitioner the dangers of waiving the above rights or "advise or inform the petitioner of the minimum or maximum punishment provided by law for the crime of which he stood accused (sic)." [1]

In *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970), the United States Supreme Court held that the standard for determining the validity of a guilty plea "was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." A plea of guilty is a solemn act on the part of a defendant charged with a crime and is not to be disregarded because of belated misgivings about the wisdom of such plea. *United States v. Woosley,* 440 F.2d 1280 (8th Cir.1971).

The following is the transcript of petitioner's plea and sentencing hearing before the state trial judge on June 8, 1981:

THE COURT: CRF 80–1086, the State of Oklahoma versus Gregory D. Williams. This matter comes on for arraignment today. The Defendant appears in person represented by Mr. Laphen, the State by Mr. Morgan. The Defendant waived a preliminary hearing on June 2, and was bound over to this Court for trial on a felony offense of escape from a penal institution, although the minute reflects robbery with firearm from the preliminary.

MR. LAPHEN: Your Honor, it would be escape from a penal institution, not robbery with firearm.

Your Honor, it's my understanding at this time Mr. Williams waives his right to jury trial, trial to the Court, and enters a plea of guilty. Mr. Williams further waives his right to a pre-sentence investigation report and requests immediate sentencing.

THE COURT: Mr. Williams, what is your middle name?

MR. WILLIAMS: Douglas.

THE COURT: D-O-U-G-L-A-S?

MR. WILLIAMS: Yes, sir.

THE COURT: Your full name is Gregory Douglas Williams?

MR. WILLIAMS: Yes, sir.

THE COURT: What is your birth date?

MR. WILLIAMS: May 12, 1950.

THE COURT: Mr. Laphen tells me it's your desire to waive, or give up, your right to a jury trial in this case.

MR. WILLIAMS: Yes, sir.

THE COURT: The purpose of the hearing today is for an arraignment, to set the case to a day certain for a jury trial, if you want a jury trial in this case. I can set this case for a jury trial in approximately two weeks time, at which time jurors would be available to try your case; do you understand that?

MR. WILLIAMS: Yes, sir.

THE COURT: Do you understand it's the burden of the State of Oklahoma to bring witnesses into this courtroom to testify under oath to prove to a jury beyond a reasonable doubt that you committed this offense?

MR. WILLIAMS: Yes, sir.

THE COURT: Do you understand that law presumes that you're innocent of this

---

**1.** Petitioner's Application for Post-Conviction Relief Supporting Brief attached and incorporated into the Petition for Writ of Habeas Corpus filed August 23, 1983, p. 7.

charge until your guilt has been established beyond a reasonable doubt?

MR. WILLIAMS: Yes, sir.

THE COURT: Mr. Laphen tells me you not only want to give up your right to a jury trial, you want to give up your right to any trial and plead guilty to this charge?

MR. WILLIAMS: Yes, sir.

THE COURT: You're charged with the felony offense of escape from a penal institution, I understand from Horace Mann Treatment Facility. On what day is that?

MR. MORGAN: The first day of April, 1980.

THE COURT: Do you understand that's the charge presently pending against you?

MR. WILLIAMS: Yes, sir.

THE COURT: Are you guilty of that offense?

MR. WILLIAMS: Yes, sir.

THE COURT: Did you escape from that institution or fail to return from a leave or what?

MR. WILLIAMS: I just—

MR. LAPHEN: I understand he was requesting to go to a program and walked off from that and didn't return.

THE COURT: Have you ever gone under the name of Alfonso Thomas?

MR. WILLIAMS: Yes, sir.

THE COURT: Your legal name is Gregory D. Williams?

MR. WILLIAMS: Yes, sir.

THE COURT: Is the sentence you were serving at Horace Mann a sentence under the name of Gregory D. Williams?

MR. WILLIAMS: Yes, sir.

THE COURT: What do you understand the penalty is for this escape charge, Mr. Williams? Has anybody advised you what the maximum penalty is?

MR. WILLIAMS: I believe seven years.

THE COURT: The District Attorney indicates that is correct. Do you tell me you are desirous of pleading guilty to an offense that carries that much penitentiary time?

MR. WILLIAMS: Yes, sir.

THE COURT: Mr. Williams, I understand that the State is going to make a recommendation to me about sentencing in this case. I understand there is going to be a recommendation of a two year sentence. I'm sure that's been communicated to you.

MR. WILLIAMS: Yes, sir.

THE COURT: Do you tell me that regardless of what sentence is imposed that you are guilty of this charge?

MR. WILLIAMS: Yes, sir."

THE COURT: Are satisfied if you went to a trial that the State has sufficient evidence to prove you guilty?

MR. WILLIAMS: Yes, sir.

THE COURT: You've been represented by Mr. Laphen or other members of his office throughout the entire proceedings in this case, have you, sir?

MR. WILLIAMS: Yes, sir.

THE COURT: Are you satisfied with the legal representation you've had?

MR. WILLIAMS: Yes, sir.

THE COURT: Do you understand what's going on here today?

MR. WILLIAMS: Yes, sir.

THE COURT: Other than a recommendation of sentence to me in this case, Mr. Williams, have any other promises of any kind been made to get you to plead guilty to this charge?

MR. WILLIAMS: No, sir.

THE COURT: Do you have any questions you want to ask about the proceedings here today or the legal effect of your plea of guilty?

MR. WILLIAMS: No, sir. I would like to ask why it's not possible for these two years to be run with the sentences in Washington state?

THE COURT: The reason, I don't know why; the District Attorney is recommending it. I assume that's why. The District

Attorney is recommending just a two year sentence.

MR. WILLIAMS: I never had a chance to talk to him.

THE COURT: Your attorney talked to him, I assume. If you run concurrent with the Washington or the Paine County case, in effect that's not giving you any time at all. I'm sure the District Attorney felt like there should be some penalty connected with this offense.

MR. WILLIAMS: You don't think the consecutive sentences would do just as much good as these two consecutive sentences?

THE COURT: Do I think?

MR. WILLIAMS: Or the District Attorney? Do you think it would just serve as well?

THE COURT: I don't know whether it would serve as well or not. You wouldn't do any additional time.

MR. MORGAN: I want you to know your attorney made that request. I didn't feel like under the circumstances it was possible.

MR. LAPHEN: We sought to get it concurrent.

MR. MORGAN: We talked about it at length.

MR. LAPHEN: We sought to get it concurrent with Paine County and also with Washington state, both of which were rejected by the District Attorney's office; is that correct, Mr. Morgan?

MR. MORGAN: That's correct.

THE COURT: Do you desire to go ahead with this plea today?

MR. WILLIAMS: Yes, Sir."

THE COURT: Let the record show the Defendant waives his right to a jury or non-jury trial and enters a plea of guilty. The Court accepts that plea and finds the Defendant guilty of the felony offense of escape from a penal institution. You are entitled to have forty-eight hours elapse before sentencing is imposed. Do you want that time or to have sentence imposed today?

MR. WILLIAMS: I would like to have sentencing imposed today, sir.

THE COURT: You are entitled under the law to have the Department of Corrections make a presentence investigation report to be considered for sentencing purposes. Mr. Laphen indicates you desire to waive, or give up, your right to do that.

MR. WILLIAMS: That's correct.

THE COURT: Does the State have a recommendation in this case?

MR. MORGAN: The State recommends two years, Your Honor?

THE COURT: On the recommendation of the State, it will be the judgment and sentence of this Court that the Defendant be sentenced to serve a term of two years in the custody of the Department of Corrections for this felony offense. Mr. Williams, you are entitled to remain in the Tulsa County Jail for up to ten days before being transported to begin serving this time. Do you want to remain for that time or have immediate transportation?

MR. WILLIAMS: I would like immediate transportation.

THE COURT: Mr. Williams, on the Paine County charge that you are serving, did you have a trial in that case or did you plead guilty?

MR. WILLIAMS: Pled guilty.

THE COURT: I'm sure the judge advised you then of your rights to appeal that you have. Even though you waived your right to a trial and pled guilty and received a minimum sentence, you do have a right to appeal the judgment and sentence that I've imposed today. If you desire to appeal, the first thing you have to do is file in this Court with the court clerk a written motion to withdraw your plea of guilty. That's got to be filed within ten days from today. The Court will rule on that within thirty days, and if it's overruled, you must file a petition for a writ of certiorari in the Court of Appeals in Oklahoma City within ninety days from today. If you let those time

intervals go by without filing those instruments, in all likelihood you would lose any appeal rights you have in this case. Are there any questions you want to ask me about your appeal rights or anything connected with this matter?

MR. WILLIAMS: No, sir.

THE COURT: Thank you, Mr. Williams.

In *King v. State*, 553 P.2d 529, 534–36 (Okl.Cr.App.1976), the Oklahoma Court of Criminal Appeals set forth a three-step procedure for use by trial courts in accepting a guilty plea. First, the trial court must determine if the defendant is competent. If so, the trial court must advise the defendant of the nature and consequences of a plea of guilty. In so doing, the trial court shall advise the defendant 1) that he has a right to counsel; 2) that he has a right to a trial by jury and that by entering a plea of guilty he is waiving his right to trial by jury; 3) that he has a right to be confronted by witnesses who would testify against him and that by entering a plea he is waiving the right of confrontation; 4) that he has a privilege against compulsory self-incrimination and by entering a plea he is waiving his privilege against compulsory self-incrimination; and 5) of the range of punishment provided by law for the offense of which the defendant is charged, including the minimum and maximum punishment. Further, the trial court shall advise the defendant that he is presumed to be innocent, has a right to enter his plea of not guilty and require the State to prove its allegations to a jury beyond a reasonable doubt. Finally, the trial court must determine the voluntariness of the guilty plea by 1) inquiring whether the plea is the result of force, threats or coercion; 2) inquiring whether the plea is the result of a plea agreement.[2]

In its October 15, 1982 Order Denying Application for Post-Conviction Relief and Amended Application, the District Judge stated:

"The only issue properly before this Court is did Petitioner enter a voluntary and intelligent guilty plea.

"The record reflects that Petitioner was represented by counsel. The Honorable Joe Jennings advised Petitioner of his rights and the effects of a guilty plea. Petitioner was asked if there was any reason why judgment should not be entered and the Petitioner responded in the negative. This Court finds that Petitioner's plea was entered voluntarily and intelligently." Page 2.

The Oklahoma Court of Criminal Appeals, affirming the trial court's denial of post-conviction relief by order dated November 17, 1982, stated: "Having examined the record, and being fully advised in the premises, we find that the record fully supports the findings of the district court."

The findings of the trial court are entitled to a presumption of correctness. Although the transcript of petitioner's change of plea does not reflect that petitioner was advised of his right against self-incrimination and that by entering his plea of guilty, he was waiving that right, the record does reflect petitioner stated the following: 1) he waived his right to a jury trial (TR 3); 2) he understood that it was the State's burden to produce witnesses to prove to a jury that petitioner was guilty beyond a reasonable doubt (TR 3); 3) he understood that he was presumed innocent until he was proven guilty beyond a reasonable doubt (TR 3); 4) he wanted to plead guilty to the charge of escape from a penal institution (TR 3–4); 5) he understood that the maximum penalty for the crime charged was seven years (TR 4–5); 6) he understood that the State would recommend a sentence of two years and that he was guilty of the crime charged regardless of whether he received the recommended two year sentence (TR 5); and 7) he understood what was going on in the proceedings that day. Moreover, petitioner was represented by Frank Laphen, a public

---

**2.** Should the trial court determine that the plea is the result of a plea agreement, there are further inquiries to be made and advice to be given. *See King v. State* at 535–36. Although a plea agreement was involved herein, petitioner raises no allegations of error with respect to the plea agreement. Thus, the Court does not set forth the further *King v. State* inquiries.

defender. The Court therefore addresses whether the failure of the trial court to advise petitioner of his right against self-incrimination is a constitutional infirmity that invalidates the guilty plea.

Rule 11 of the Federal Rules of Criminal Procedure embodies the United States Supreme Court standards for determining the validity of a guilty plea. These standards were put forth in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Rule 11(c) provides:

> *"Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
>
> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty offered by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term; and
>
> (2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary one will be appointed to represent him; and
>
> (3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
>
> (4) that if his plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and
>
> (5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which he has pleaded, that his answers may later be

used against him in a prosecution for perjury or false statement."

As explained by the Supreme Court in *McCarthy v. United States, Id.* at 466, 89 S.Ct. at 1170.

> "A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst*, 304 U.S. 458, 464 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461] (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."

■ The constitutional safeguards set forth in Fed.R.Crim.P. 11(c) and *McCarthy v. United States, supra,* were applied to the states in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *See Hicks v. Oliver*, 523 F.Supp. 64, 69 (D.Kan.1981). As can be seen from an examination of *King v. State, supra,* the procedures set forth by the Oklahoma Court of Criminal Appeals to be used by trial courts for determining the validity of a guilty plea are nearly identical to those set forth in Rule 11(c). Further, a determination of the validity of a plea involves consideration of federal rights. Thus, case law applicable to Rule 11 is equally applicable to determining the validity of a guilty plea taken in the Oklahoma court system.

*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) involved a black defendant indicted on five counts of common-law robbery, an offense punishable by death. Counsel was appointed to represent the defendant and at his arraignment, defendant pleaded guilty to all five

indictments. At the arraignment, the trial court asked no questions of defendant concerning his plea and the defendant did not address the court. Holding that defendant's guilty pleas were invalid, the Supreme Court stated:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth Amendment. *Malloy v. Hogan*, 378 U.S. 1, [84 S.Ct. 1489, 12 L.Ed.2d 653]. Second, is the right to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145, [88 S.Ct. 1444, 20 L.Ed.2d 491]. Third, is the right to confront one's accusers *Pointer v. Texas*, 380 U.S. 400, [85 S.Ct. 1065, 13 L.Ed.2d 923]. *We cannot presume a waiver of these three important federal rights from a silent waiver.*" (Emphasis added)

In *Smith v. Oklahoma City*, 513 P.2d 1327 (Okl.Cr.App.1973), the trial court did not inform the defendant of his right to a jury trial nor the minimum and maximum punishment provided by law for the crime of which he was charged. The court vacated defendant's plea of guilty, stating:

"It is very difficult for this Court to conceive that the defendant was not aware of the fact that he had a right to a jury trial as the case was set for a jury trial on the date the defendant entered his plea of guilty. We further find it difficult to conceive that the defendant was not aware of the minimum and maximum punishment for the offense he was charged as he was represented by an able and experienced attorney. *Nevertheless, as the record is silent as to*

*these rights we will not presume the defendant waived these rights.*" (*Smith* at 1329.)

▇▇ Nor can this Court presume petitioner waived his privilege against self-incrimination from the silent transcript before the court. An affirmative waiver of the privilege against compulsory self-incrimination must be reflected in the record prior to the acceptance of a plea of guilty.[3]

The Court therefore concludes petitioner has established by convincing evidence that the factual determination made by the trial court with respect to the validity of petitioner's plea was erroneous. When the trial court failed to obtain a knowing waiver of the defendant's right against self-incrimination, the defendant was denied due process and his guilty plea void. For this reason, the Court concludes the petition for writ of habeas corpus should be granted.

GROUND ONE:

▇▇ Petitioner claims his incarceration, "pursuant to the judgement (sic) and sentence in CRF 81-1086 ... is illegal and in violation of the 5th, 6th, 8th, and 14th Amendments to the United States Constitution in that the conviction obtained by plea of guilty was unlawfully induced and not made voluntarily."[4] Petitioner then lists the adverse conditions existing at the time he was detained in the Tulsa County Jail. Petitioner states, "All of the above conditions, as petitioner will show the court by competent testimony and evidence, induced petitioners guilty plea in this case. Petitioners only desire was to 'GET OUT' of the Tulsa county jail as quickly as possible. Therefore, petitioner, on 6/8 1981, entered a plea of guilty to this court ..."[5]

"Jail conditions do not make guilty pleas 'coerced.' Specialized instances, though

---

3. Like the Oklahoma Court of Criminal Appeals, this Court finds it difficult to believe petitioner was not aware of his privilege against self-incrimination and the effect of his guilty plea on that privilege. Petitioner's conviction for escape from a penal institution was obviously not his first conviction. Moreover, it appears petitioner had been arraigned prior to his change of plea and had presumably been advised of his *Miranda* rights at that point.

4. Petitioner's Application for Post-Conviction Relief Supporting Brief attached and incorporated into the Petition for Writ of Habeas Corpus filed August 23, 1983, p. 3.

5. *Id.*

inexcusable, still do not amount to duress.... [T]he national norm is that undesirable jail conditions do not result in 'coerced' guilty pleas." Bishop, *Federal Habeas Corpus in State Guilty Pleas*, 71 F.R.D. 235, 287. *See, e.g., Cunningham v. Wingo*, 443 F.2d 195, 205 (6th Cir.1971), *cert. denied*, 404 U.S. 1064, 92 S.Ct. 745, 30 L.Ed.2d 752 (1972), *reh'g denied*, 405 U.S. 948 (1972); *Resor v. Rodriguez*, 373 F.2d 20, 22 (10th Cir.1967); *Dickel v. Rundle*, 328 F.Supp. 1013, 1015 (E.D.Pa.1971); and *Hardin v. Hocker*, 298 F.Supp. 606, 607 (D.Nev.1968), *aff'd* 409 F.2d 1358 (9th Cir. 1969).

The Court therefore concludes petitioner has failed to state in ground one a constitutional ground for relief.[6]

## GROUNDS TWO AND THREE

■ In his second ground of error, petitioner states he was unconstitutionally sentenced to the Oklahoma prison system. Petitioner states:

"... Luther Bohanon, on May 30, 1974, had ruled in Battles -v- Anderson # 72–95 USDCEO, that conditions in the Oklahoma prison system were (and still are) unconstitutional in violation of the 1st, 8th, and 14th Amendments to the United States Constitution, and petitioner's rights to guarantee of, and protection against. The trial judge was, or should have been, aware of his ruling and should not have subjected petitioner to a situation violative of his Constitutional rights. In doing so, said sentencing, and sentence, was in deliberate violation of petitioner's rights even though there was statutory grounds for time imposed as time and space are inseparable."[7]

The Court notes that Oklahoma's prison system is constitutional, *Battle v. Anderson*, 708 F.2d 1523 (10th Cir.1983), and was constitutional at the time petitioner was sentenced.

In his third ground of error, petitioner states:

"Petitioner's incarceration, pursuant to the judgement (sic) and sentencing in CRF 81–1086 as aforesaid, is illegal and in violation of Article VI, and the 8th, 13th and 14th Amendments to the UNITED States Constitution in that the Oklahoma Department of Corrections Is not fully operated congruent to constitutional standards, U.S. Supreme Court Mandates, State and Federal law, and departmental policies and procedures."[8]

■ In support of Ground three, petitioner alleges that prison officials have ignored federal and state laws as they relate to the care and treatment of prisoners, wages, medical and health standards and rehabilitation. Petitioner alleges that state prison officials have stolen and embezzled state and federal funds, goods and equipment as well as funds held in trust for prisoners. Petitioner alleges that prison officials have overcharged inmates for canteen items. Finally, petitioner alleges that prison officials have forced the prisoners to be exposed to an "atmosphere and environment of HOMOSEXUALITY."[9]

Petitioner's broad conclusory assertions unsupported by specific factual allegations are not sufficient to state a claim for habeas relief. *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir.1971); *Atkins v. Kansas*, 386 F.2d 819 (10th Cir.1967); and *Martinez v. United States*, 344 F.2d 325 (10th Cir.1965).

■ The Court finds that there are no disputed issues of material fact and the writ application, response and the state court records provide an adequate basis for review; thus, an evidentiary hearing is not necessary. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963);

---

**6.** Moreover, the Court notes that petitioner's complaints about the conditions of the Tulsa County jail were addressed and remedied in the class action, *Clayton v. Thurman*, Case No. 79–C–723–BT (N.D.Okl.1983). See the Findings of Fact and Conclusions of Law entered therein by this Court sitting *en banc* on August 2, 1983.

**7.** *Id.* at 6.

**8.** *Id.* at 6–7.

**9.** *Id.* at 7.

*Moore v. Anderson*, 474 F.2d 1118 (10th Cir.1973).

For the above reasons the Court concludes the petition for habeas corpus is hereby granted. The petitioner, Gregory D. Williams's conviction of June 8, 1981 for escape from a penal institution in the case of *State of Oklahoma v. Gregory D. Williams*, No. CRF–80–1086 in the District Court of Tulsa County, Oklahoma is set aside as void. The defendant is granted a new trial to the court on said charge, the defendant having entered a knowing intelligent waiver of his right to a jury trial. In the event a new trial on said charge is timely pursued by the State, and a conviction of the defendant obtained, the defendant is to be credited with any time already served on said void conviction in the imposition of a new sentence.